By the Court.—Freedman, J.
The case presents no conflict as to the material facts, and the findings originally made, together with the findings made at the request of the defendant,, correctly set forth all the facts that could properly be found. The conclusions of law based upon these facts follow as a necessary *204 consequence, under the application of the statute relating to uses and trusts, which was designed to render a verbal trust in such a case impossible. The object of the statute was to put an end' to the practice of abuses, the defrauding of creditors and purchasers, the defeating of dower and curtesy, and the great confusion and obscurity of title, which before its enactment were so prevalent;. and though in individual cases, and perhaps in the present case, a strict enforcement may involve great hardship, the courts must enforce it in a case which clearly falls within its provisions. Whatever, therefore, our opinion may be of the conduct of a son who violates the confidence reposed in him by his father, by invoking the statute, it can have no weight with us in opposition to the plain mandate of the law. The statute abolished all uses and trusts ■ except as authorized and modified by it, and the one relied upon by the appellant belongs to the prohibited class. The case of Tracy v. Tracy (3 Bradf. 57), is clearly distinguishable. In that case' there was a declaration of trust after the real had been converted into personal property, and it was upon this ground that the trust was sustained as to the proceeds. In the case at bar there is no such declaration as to the proceeds, and the trust as to the real property being void, the proceeds follow the legal title.
The judgment'appealed from should be affirmed, with costs, upon the opinion delivered by the learned chief justice below.
Sreir, J., concurred.